IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONSUELA BUENTEO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-05-3154 |
| | § | |
| SBC COMMUNICATIONS INC. | § | |
| and SOUTHWESTERN BELL | § | |
| TELEPHONE, L.P., ET AL. | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendants' Pre–Answer Motions Under Federal Rules 8, 9 and 12 (Document No. 7) filed by Defendants SBC Communications Inc. and Southwestern Bell Telephone, L.P. Having considered the motion, submissions, and applicable law, the Court determines that the Defendants' motion should be granted.

## BACKGROUND

On September 2, 2005, Plaintiff Consuela Buenteo ("Buenteo") filed the instant suit against Defendants SBC Communications Inc. ("SBC") and Southwestern Bell Telephone, L.P. ("SWBT")[1], asserting claims based on denial of worker's

---

[1] It appears from the style of the case that Buenteo intended to assert claims against Self Insured, Disability Department Hammerman & Gainer Inc. It is unclear if this party was actually served with notice of the pending lawsuit.

compensation benefits and wrongful termination due to injuries she sustained while at work.[2] In her complaint Buenteo, a three year employee of SBC, alleges Defendants terminated her on April 28, 2003 as a result of an on the job injury she sustained.

On September 21, 2005, in response to the allegations in Buenteo's complaint, Defendants SBC and SWBT filed the instant motion to dismiss under, *inter alia*, Rule 12(b)(1) asserting the Court lacks subject matter jurisdiction over Buenteo's complaint.[3] Pursuant to Local Rule 7.3, Plaintiff's response to Defendants' motion to dismiss was due on October 11, 2005, but she failed to respond.

## STANDARD OF REVIEW

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. FED. R. CIV. P. 12(b)(1). Lack of subject matter jurisdiction may be found in: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

---

[2] The Court notes that while Buenteo's complaint is far from pellucid, it appears she is attempting to appeal denial of worker's compensation benefits.

[3] Defendants also move for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and Federal Rules of Civil Procedure 8 & 9(c) for failure to plead properly.

2

The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, *Cloud v. United States*, 536 U.S. 960 (2002). Accordingly, the plaintiff must prove that justification does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

When a 12(b)(1) motion is filed with other motions, the court should address the Rule 12(b)(1) jurisdictional issue before addressing an attack on the merits. *Ramming*, 281 F.3d at 161; *Silver Star Enters., Inc. v. M/V Saramacca*, 19 F.3d 1008, 1013, n.6 (5th Cir. 1994) (declaring that jurisdictional challenges must be addressed upon suggestion); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). Addressing the 12(b)(1) issue prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Ramming*, 281 F.3d at 161.

## LAW & ANALYSIS

Defendants move for dismissal asserting that pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Plaintiff has failed to allege sufficient facts to establish subject matter jurisdiction. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing jurisdiction rests on the party seeking the federal forum. *Id.* The two possible bases for federal subject matter jurisdiction are diversity jurisdiction and

3

federal question jurisdiction. *Hart v. Bayer*, 199 F.3d 239, 246 (5th Cir. 2000). Here, Plaintiff's complaint does not indicate the basis upon which she seeks to invoke the Court's jurisdiction. Furthermore, Plaintiff failed to respond to the Defendants' motion to dismiss, which asserts the Court lacks jurisdiction over Plaintiff's claims. Under the Local Rules failure to respond is taken as a representation of no opposition. S.D. TEX. LOCAL R. 7.4; *see Bohlin v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993). With these principles in mind, the Court will examine Plaintiff's complaint to determine if the Court has jurisdiction.[4]

*A. Absence of Diversity Jurisdiction*

District courts have subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Courts apply the phrase "citizens of different states" to require complete diversity between the parties. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). Complete diversity between the parties exists only when no plaintiff and no defendant are citizens of the same state. 28 U.S.C. § 1332; *see Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998). The party seeking to establish diversity

---

[4] "A court must read Plaintiff's pro se allegations liberally, holding them to a less stringent standard than those drafted by attorneys." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

jurisdiction must "distinctly and affirmatively" establish the citizenship of the parties. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (citing *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991)).

In determining the citizenship of a natural person, courts look to the state in which the individual is domiciled. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). A person is domiciled where he or she has established a fixed habitation or abode, intending to remain there permanently or indefinitely. *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996). Here, Buenteo is a resident and therefore a citizen of Texas.

For jurisdictional purposes, a corporation is considered both a citizen of the state in which it is incorporated and a citizen in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant SBC is a Delaware Corporation with its principal place of business in San Antonio, Texas and therefore a citizen of Texas for diversity purposes. Further, a limited partnership is considered a citizen of every state in which its partners are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990). The affidavit of an SBC corporate manager indicates Defendant SWBT is a Texas domestic limited partnership. Therefore, it appears SWBT is a citizen of Texas.[5]

---

[5]Regardless of whether SWBT is a citizen of Texas, diversity jurisdiction is destroyed by the Court's determination that both Plaintiff and SBC are both Texas citizens.

Hence, complete diversity does not exist because Buenteo and at least one Defendant are citizens of Texas. Accordingly, the Court lacks diversity jurisdiction. *See* 28 U.S.C. § 1332.

*B. Absence of Federal Question Jurisdiction*

As the Court has determined no diversity jurisdiction exists, the Court must determine if it has federal question jurisdiction over the Plaintiff's claim. In order to determine if federal question jurisdiction exists, the Court must decide if the complaint arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. To determine whether a claim "arises under" federal law, courts turn to the "well-pleaded complaint" rule, which requires that a federal question appear on the face of the pleading before a federal court can invoke its jurisdiction. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Generally, if on its face the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking. *See Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). "Federal question jurisdiction does not exist unless a right or immunity created by federal law is an essential element of the plaintiff's cause of action." *Jobs, Training and Servs., Inc. v. East Texas Council of Gov't*, 50 F.3d 1318, 1326 (5th Cir. 1995). In Buenteo's original complaint, she appears to appeal the denial of worker's compensation benefits. Texas worker's compensation laws are contained in the Texas Labor Code and, as

such, do not arise under the Constitution, laws, or treaties of federal law.  *See* Texas Workers' Compensation Act, TEX. LAB. CODE ANN. § 451.001.

Moreover, federal law is not an "essential element" of Plaintiff's state law cause of action.  Plaintiff is not seeking relief from the Court under any federal statute.  Because Buenteo alleges no federal constitutional or statutory basis for her claim against the Defendants, the Court determines it lacks federal question jurisdiction over the complaint.  Accordingly, the Court lacks jurisdiction over Buenteo's complaint.  Given the foregoing, the Court hereby

ORDERS that Defendants SBC Communications Inc. and Southwestern Bell Telephone, L.P.'s Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) (Document No. 7) is GRANTED.  Plaintiff's Complaint is dismissed without prejudice for lack of subject matter jurisdiction.

SIGNED at Houston, Texas, on this 4th day of April, 2006.

_____David Hittner_____

DAVID HITTNER

United States District Judge